State vs. Senegal.

## No. 14,336.

### STATE OF LOUISIANA VS. ALEXIS SENEGAL.

#### SYLLABUS.

There is no error in a refusal to charge that "Where a man finds his wife committing adultery with a man, and, provoked by the wrong, instantly kills the adulterer, the homicide is only manslaughter." But, if it were otherwise, the accused, in this case, having been convicted only of manslaughter, could have sustained no injury

APPEAL from the sixteenth judicial district, parish of St. Landry—Lewis, J.

*Walter Guion,* Attorney General, *R. Lee Garland,* District Attorney (*Lewis Guion,* of counsel), for Plaintiff, Appellee.

*Veazy & Pavy,* for Defendant, Appellant.

The opinion of the court was delivered by

MONROE, J. The defendant in this case was tried for murder and convicted of manslaughter, and he has appealed from the sentence imposed. The case comes up on a bill of exceptions to the refusal of the trial judge to give the following special charge: "Where a man finds his wife committing adultery with a man, and, provoked by the wrong, instantly kills the adulterer, the homicide is only manslaughter." It appears from the bill that the judge refused so specially to charge, on the ground, among others, "That the jury had been previously fully charged as to the difference between murder and manslaughter and as to the provocation reducing the grade of the homicide. The requested charge is too broad; it being a question of fact for the jury to determine whether such act is, or was, sufficient provocation to preclude the presumption of malice. The law writers cite the given case as an example, as provocation sufficient to reduce the grade of the homicide, but not as a proposition of law. Even though there may have been error in refusing the requested charge, it is error without prejudice and the conviction should not be set aside."

The charge was properly refused; but, as the accused was convicted only of manslaughter, he would have sustained no injury if there had been error in the refusal. State vs. Tomkins, 32 Ann. 621.

Judgment affirmed.